## A. C. McClurg & Company, Appellee, v. Herbert O. Tomlinson et al., Appellants.

### Gen. No. 19,366. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed April 21, 1914.

### Statement of the Case.

Action by A. C. McClurg & Company against Herbert O. Tomlinson and W. Y. C. Humes, copartners trading as H. O. Tomlinson & Company, to recover the purchase price of certain books sold and delivered to the defendants among which was a set of the works of Charles Dickens. Defendants claimed that plaintiff warranted the set of Dickens to be a complete set of first editions of his published works. From a judgment in favor of plaintiff disallowing the claim of defendants, defendants appeal.

The contract of sale was in writing. It was embodied in four separate documents,—a letter to defendants from plaintiff's agent, George M. Chandler, written from London, July 6, 1909, describing the set in question, and stating the terms on which it could be had; an inclosure therewith from one of plaintiff's catalogues; a cablegram from defendants to Chandler, dated July 17, 1909, saying, "Buy Dickens and letters," and their letter of July 23rd, confirming the cablegram.

The letter of July 6th, so far as pertinent, reads:

"I am pleased to report that I have found a set of First Editions of Dickens, 67 volumes in the original bindings as published. The titles and dates correspond with the set we had several years ago, a description of which we enclose herewith, cut from one of our catalogues. The set is in fine condition.

Have secured an option on the set for two weeks. Will you therefore please cable me should you decide to have me buy and bind it for you—complete sets are

exceedingly scarce and difficult to make up and I would strongly recommend you to let me secure this one for you. * * *"

The pertinent part of the "cut" referred to reads as follows:

"Dickens (Charles) Works, including his life. Complete set of First Editions, with all the great number of clever illustrations, * * * 67 volumes * * * sumptuously bound by Riviere in * * * levant morocco * * * nearly all the volumes with the original cloth or paper covers bound in at the ends. London, 1836-82. $2,000.00.

The set comprises——"

(Here follows a special description of each volume with details as to illustrations, binding, title, date of publication, etc.)

The only pertinent part of defendants' confirmatory letter reads: "I am sending this letter along as a confirmation of the cablegram, authorizing you to purchase for us the first edition of Dickens, sixty-seven volumes, to be bound by Riviere in red levant."

FRANK L. DeLAY, for appellants.

SHEPARD, McCORMICK & THOMASON, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 238*—*when contract for sale of books contains no warranty as to editions.* A contract in writing for the sale of a set of Charles Dickens' works, embodied in four separate documents,—a letter written to the buyer; an inclosure therein of a cut from one of the seller's catalogues; a cablegram from the seller; and a letter from the seller confirming the cablegram, *held* unambiguous and to contain no warranty that the set sold was a "complete set of First Editions."

2. EVIDENCE § 322*—*when conversations inadmissible to explain written contract.* Conversations had between seller and buyer before and after a contract of sale *held* inadmissible to explain the contract where it is in writing and complete and unambiguous.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.